UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| P.B. A MINOR CHILD BY AND THROUGH HIS PARENTS T.B. AND L.B.<br><br>PLAINTIFFS,<br><br>vs.<br><br>THORP SCHOOL DISTRICT<br><br>DEFENDANT | Case No.<br><br>COMPLAINT FOR DECLARATORY RELIEF, DAMAGES, ATTORNEY'S FEES, AND COSTS |

## I. INTRODUCTION

1. P.B. is a student with a disability who attended the Thorp School District as a kindergarten student in the fall of 2018. The Parents did not believe he was receiving an appropriate evaluation or an appropriate education in the Thorp School District and they believed the Student's teacher was physically abusing him. After multiple attempts to resolve the problems, the Parents removed the Student from school and subsequently filed for a due process hearing.

Jeannette A. Cohen M.Ed. J.D.
Attorney at Law
2223 112th Avenue NE Suite 202
Bellevue, Washington 98004
206-542-7234

2. Parents of a student with a disability have a right under the IDEA and Washington state law to request an impartial hearing to resolve disputes about any matter related to the identification, evaluation, educational placement, or the provision of a free appropriate public education to the student. 20 U.S.C. § 1415(b)(6); 34 C.F.R. § 300.507(a), and WAC 392-172A-05080. In Washington, IDEA hearings are conducted by the Office of Administrative Hearings on behalf of the Office of the Superintendent of Public Instruction (OSPI), or the State Education Agency.

3. The Parents filed for a due process hearing on May 30, 2019, as per the above state and federal laws and regulations, in order to show that the evaluation, the program, and the environment the District had offered was not appropriate and denied the Student a free, appropriate, public education ("FAPE").

4. A due process hearing was held before an administrative law judge in September of 2019. The administrative law judge ruled partially for the Parents and partially for the school district in a decision dated December 21, 2019.

5. For the parts of the decision the administrative law judge ruled for the District, including how she determined the remedies for the Parents, the Parents believe those rulings contain substantial errors of law and fact. The legal errors are fundamental and include both the failure to apply and/or the misapplication of central requirements of the IDEA.

6. Parents are appealing parts of the decision of the administrative law judge, as detailed infra. Under the IDEA, a complaint may be brought in a district court of the United States without regard to the amount in controversy. 20 U.S.C. § 1415(i)(2)(A), 34 C.F.R. § 300.516, and WAC 392-172A-05115. OSPI provides the court with the records of the administrative proceedings and the court hears additional evidence at the request of a party. 20 U.S.C. §

Complaint - Page 2 of 13

Jeannette A. Cohen M.Ed. J.D.
Attorney at Law
2223 112th Avenue NE Suite 202
Bellevue, Washington 98004
206-542-7234

1415(i)(2)(C)(i) & (ii), 34 C.F.R. § 300.516(c)(1) & (2), and WAC 392-172A-05115(3)(a) & (b).

## II.    JURISDICTION

7. This action arises under the Individuals with Disabilities Education Act, 20 U.S.C. §§1400 *et seq* (IDEA) and the regulations adopted there under.

8. The Plaintiffs are appealing from a final order from an administrative law judge dated December 21, 2019 and as such have exhausted all administrative remedies and may appeal to this Court pursuant to 20 U.S.C. §1415(i)(2) and W.A.C. 392-172A-05115.

## III.    VENUE

9. All acts and omissions at issue occurred or failed to occur in the Eastern District of Washington in Kittitas County.  As such venue is proper for this Court.

## IV.    PARTIES

10. P.B. (hereafter "Student") is a seven year old student who resides with his parents in the geographical boundaries of the Thorp School District in Kittitas County.

11. T.B. (hereafter "Father" or "Parent" or collectively with Mother as "Parents") is the Student's father and he resides in Thorp Washington within the geographic boundaries of the Thorp School District in Kittitas County.

Jeannette A. Cohen M.Ed. J.D.
Attorney at Law
2223 112th Avenue NE Suite 202
Bellevue, Washington 98004
206-542-7234

12. L.B. (hereafter "Mother" or "Parent" or collectively with Father as "Parents") is the Student's mother and she resides in Thorp Washington within the geographic boundaries of the Thorp School District in Kittitas County.

13. Defendant Thorp School District is a school district in the State of Washington, in Kittitas County, and is fully accredited as a provider of educational services and is thereby responsible for providing appropriate services to qualified special education students pursuant to R.C.W. 28A.155.090 and W.A.C. 392-172-030.

## V.     FACTUAL ALLEGATIONS

14. Student qualified for special education services under the category of Communication Disorder in the Ellensburg School District when he was in a preschool program in Kittitas County. For the 2016-2017 and the 2017-2018 school years, the Student received speech and language services in his preschool program from a speech and language pathologist from the Ellensburg School District.

15. The Student's last IEP was written by the Ellensburg School District in March of 2018 and provided the Student with speech and language services.

16. In April of 2018 the Student was diagnosed with Autism Spectrum Disorder by a private provider.

17. On June 4, 2018 the Parents met with the Student's preschool teacher and staff along with special education staff from the Ellensburg School District. No one from the Thorp School District attended despite being invited. The purpose of the meeting was to review the Student's program in the preschool program and to discuss the transfer of services of the Student to the Thorp School District as he would be attending there in the fall. At that

Complaint - Page 4 of 13

Jeannette A. Cohen M.Ed. J.D.
Attorney at Law
2223 112th Avenue NE Suite 202
Bellevue, Washington 98004
206-542-7234

meeting it was determined the Student required a Re-Evaluation due to his recent diagnosis of Autism Spectrum Disorder. It was the opinion of the Ellensburg School District that this Re-Evaluation should be done by the Thorp School District as the Student would be attending there starting in September of 2018. This recommendation was given to staff in the Thorp School District.

18. In June of 2018, the Mother met with Thorp School District staff to discuss the Student's transition. The Mother communicated via text messages with the kindergarten teacher in the Thorp School District trying to arrange a meeting with her.

19. The Mother, with the Student, met with the Thorp School District's kindergarten teacher Ms. Green on June 21, 2018 in Ms. Green's classroom. The purpose of the meeting was for the Mother to explain to Ms. Green the Student's diagnosis and his school challenges.

20. In June of 2018, the Ellensburg School District transferred the Student's entire file to the Thorp School District.

21. On September 7, 2018 the Mother with the Student and the Student's grandmother met with Ms. Green again. At that meeting the Mother filled out a questionnaire and discussed with Ms. Green the Student's disability, how it impacted him in a school setting, and asked Ms. Green to talk with the preschool teacher about how best to work with the Student.

22. At the September 7, 2018 meeting, a special education staff person for the Thorp School District came into Ms. Green's room during their meeting and handed the Mother paperwork to sign. Before that special education staff person left, they discussed the Student's new diagnosis of autism and the Mother's request for a full evaluation. The form was to give permission for the Thorp School District to evaluate the Student. The form was blank. The Mother asked Ms. Green for help filling it out and Ms. Green told her to just sign it and

Complaint - Page 5 of 13

Jeannette A. Cohen M.Ed. J.D.
Attorney at Law
2223 112th Avenue NE Suite 202
Bellevue, Washington 98004
206-542-7234

District staff would fill it out. The Mother repeated that she wanted a full evaluation for the Student and wanted to know how to put that on the form, but Ms. Green told her to just sign the form, which the Mother did.

23. The Mother asked Ms. Green to contact the Student's preschool teacher to get information on the Student's disabilities and how to best work with him. The Mother offered to give Ms. Green multiple ways to contact the preschool teacher. Ms. Green declined and never communicated with the Student's preschool teacher. No one from the Thorp School District ever spoke to the Student's preschool teacher.

24. The next time the Parents saw this form was when it was given to them after a request for all the Student's records as preparation for the due process hearing. That form was for permission to conduct the evaluation of the Student and was now filled out, but only "OT" was checked despite the Parents asking for a full evaluation. That form was placed into evidence and Mel Blair, the Thorp School District's special education director, testified she filled it out herself and back-dated it.

25. The Thorp School District proceeded with only an evaluation in the area of occupational therapy ("OT") and not the full evaluation the Parents requested. The Thorp School District never filled out any of the required IDEA paperwork that should have accompanied this evaluation: no Prior Written Notices and no explanation of what the District proposed to conduct. As no paperwork was filled out, the Parents believed, mistakenly, the District was going to conduct the full evaluation they requested. With receipt of all of the Student's paperwork with the District, it was clear District staff never intended to conduct a full evaluation as requested.

Complaint - Page 6 of 13

Jeannette A. Cohen M.Ed. J.D.
Attorney at Law
2223 112th Avenue NE Suite 202
Bellevue, Washington 98004
206-542-7234

26. Starting the week of September 17, 2018, the Mother observed Ms. Green aggressively dragging the Student down the hallway. The Mother observed Ms. Green aggressively dragging, grabbing, and forcing the Student to the ground on three separate occasions. The Student came home with bruises on his body, telling his Mother his teacher "hurted" him and that he was afraid to go back to school. The Mother reported this to school staff who reported it to Andrew Perkins.

27. Parents called and sent multiple emails to Andrew Perkins, the Thorp School District principal and superintendent explaining what was happening and asking for him to intervene. Mr. Perkins defended Ms. Green, stating she was a "great teacher" and was "fair" to all students. Mr. Perkins told the Parents what they described could not have happened and he told them to resolve their problems with Ms. Green directly.

28. After the first incident the Mother spoke on the phone with Ms. Green to discuss her treatment of the Student. Ms. Green told the Mother the Student did not have autism, that his behaviors were typical kindergarten misbehavior and he needed to be punished as she saw fit.

29. After the second incident of aggressive behavior by Ms. Green, the Mother met in person with Ms. Green and a Thorp School District administrator. The Mother tried to explain that the behaviors school staff were seeing were symptoms of his autism spectrum diagnosis. At that meeting Ms. Green repeated her view that the Student did not have autism and needed to be punished for his misbehavior. Ms. Green also stated that the Student was "too smart" and would not qualify for special education services.

30. As Ms. Green continued her aggressive treatment of the Student, the Mother sent multiple emails and made multiple phone calls trying to get Mr. Perkins to intervene, explaining she

Jeannette A. Cohen M.Ed. J.D.
Attorney at Law
2223 112th Avenue NE Suite 202
Bellevue, Washington 98004
206-542-7234

could not resolve things with Ms. Green.  The Mother sent multiple proposed dates for a meeting, but no meeting was ever confirmed.

31. As the Thorp School District refused to meet with the Parents or resolve their concerns, the Parents removed the Student from school the first week of October 2018.

32. With the production of the Student's special education records with the Thorp School District, it was revealed that the Thorp School District did not provide the Student with his IEP speech and language services.  During the four weeks the Student attended the Thorp School District he NEVER met with the speech and language pathologist and only met with the speech and language pathologist's assistant once for a fifteen minute "meet and greet".

33. No special education services were provided to the Student despite his significant behavior problems in the school setting based in his autism diagnosis.  Ms. Green testified the Student ran away from her and had multiple behavior problems daily in her program.

34. No accommodations were provided to the Student despite his significant behavior problems in the school setting based in his autism diagnosis.

35. The Parents obtained private services for the Student and a private evaluation by a clinical psychologist.  The Parents presented evidence in the due process hearing that the Student's problem behaviors were symptomatic of his autism spectrum diagnosis and that Ms. Green's aggressive handling of the Student significantly impacted his autism spectrum disorder and mental health.

36. Dr. Steven Tutty, the clinical psychologist who evaluated the Student testified as to why occupational services would be insufficient to provide the Student with an appropriate education.  Dr. Tutty explained in testimony the significant special education services the

Complaint - Page 8 of 13

Jeannette A. Cohen M.Ed. J.D.
Attorney at Law
2223 112th Avenue NE Suite 202
Bellevue, Washington 98004
206-542-7234

Student required that included therapeutic services based on the recommendations and testimony of the Student's other private providers.

37. At the due process hearing, Andrew Perkins testified he reviewed videos of all the incidents on all the dates the Parents told him Ms. Green had hurt the Student. Mr. Perkins testified he saved one video and had the others erased after he viewed them. When the videos were requested through discovery before the due process hearing, only one video was produced for one date the Parents complained about. The Parents were told that was the only video. With Andrew Perkin's testimony it became clear the other videos existed, but were erased at the direction of Mr. Perkins.

38. After the due process hearing, community members heard about the issues raised in the hearing and approached the Parents. Community members told the Parents there had been multiple complaints about Ms. Green being inappropriately aggressive with other students through the years and there were letters in her teacher's file documenting this. The Parents, through counsel, had received Ms. Green's teacher file before the hearing and nothing was in the file they were given. Upon learning this after the due process hearing, the Parents, through counsel, asked again specifically for such letters and one letter was eventually produced, but that was all.

39. The administrative law judge, Judge Diederich, ruled for the Parents on some issues and for the District on other issues.

40. Judge Diederich ruled the District denied the Student a free, appropriate public education ("FAPE") and deprived him of an educational benefit when it failed to provide to him his IEP services, when it failed to provide to the Parents informed consent for the evaluation it proposed to conduct, and when it failed to provide to the Parents any Prior Written Notice

Jeannette A. Cohen M.Ed. J.D.
Attorney at Law
2223 112th Avenue NE Suite 202
Bellevue, Washington 98004
206-542-7234

about the evaluation which thereby failed to allow the Parents meaningful participation in the evaluation

41. Judge Diederich did not rule on whether the District denied the Student a FAPE when it failed to provide behavioral services to the Student or any other supports or services, or accommodations, based on his disability. The Parents appeal this ruling.

42. Judge Diederich ruled the District did not deny the Student a FAPE when it only conducted an evaluation in the area of occupational therapy instead of the full evaluation the Parents requested. The Parents appeal this ruling.

43. Judge Diederich ruled Ms. Green's aggressive behavior did not deny the Student a FAPE. Judge Diederich based this ruling on her finding that "others" who witnessed the incidents did not believe Ms. Green was behaving inappropriately. The Parents appeal this ruling.

44. Regarding the Parents' requested remedies, Judge Diederich only granted to the Parents compensatory speech and language services despite concluding there were significant denials of a FAPE to the Student. The Parents are appealing how remedies were determined.

45. As the Parents prevailed on a number of significant issues that denied the Student a FAPE and deprived him of an appropriate education, the Parents are requesting their attorney's fees and costs for the due process hearing and for bringing this action to collect those fees. If the Court rules for the Parent, overturning any of the administrative law judge's rulings, then the Parents, as prevailing parties in their appeal to this Court, would be entitled to their fees and costs for this entire action.

## VI.    CLAIMS FOR RELIEF

**I.    Denial of Special Education Rights Under Federal and State Law**

Jeannette A. Cohen M.Ed. J.D.
Attorney at Law
2223 112th Avenue NE Suite 202
Bellevue, Washington 98004
206-542-7234

1. The factual allegations set forth in paragraphs 14 through 45 above are hereby alleged and incorporated by reference.

2. The Individuals with Disabilities Education Act (IDEA), 20 U.S.J. §1400 *et seq*, requires that school districts provide students with a free, appropriate, public education including special education and related services.

3. Washington state law requires school districts within the state provide to all eligible students between the age of three and twenty-one, within their boundaries, a free, appropriate, public education.  W.A.C. 392-172-030.  A school district in the state of Washington has an obligation to provide appropriate educational services to meet the needs of a student who has a disability separate and apart from its obligation to provide a free appropriate public education under federal law.  W.A.C. 392-172-020(2).

4. Thorp School District through its administrators, agents, and employees, violated state and federal law by not providing Student with a Free Appropriate Public Education for the 2018-2019 school year, as well as the school years through this Court's final decision.

5. Thorp School District through its administrators, agents, and employees, violated state and federal law by not providing Parents their rights to fully participate in their child's education and thereby denied the Student a Free Appropriate Public Education for the 2018-2019 school year, as well as the school years through this Court's final decision.

### VII.  Prayer for Relief

**WHEREFORE**, based on the denials and violations enumerated above, the Plaintiffs on behalf of their disabled son seek the following relief:

1. That the Court take and retain jurisdiction over this matter until all orders are completed.

Jeannette A. Cohen M.Ed. J.D.
Attorney at Law
2223 112th Avenue NE Suite 202
Bellevue, Washington 98004
206-542-7234

2. That the Court declare that the Defendant violated the procedural and substantive provisions of the IDEA under state and federal law and failed to provide the Student with a free, appropriate, public education (FAPE) for the 2018-2019 school year as well as the school years through this Court's final decision.

3. That the Court overturn the decision of the administrative law judge when she ruled that the District's evaluation for only occupational therapy was appropriate, that the District did not deny the Student a FAPE due to their teacher's overly aggressive treatment, and that the District did not deny the Student a FAPE when it failed to provide any special education services or supports or any accommodations as needed due to the impact of his autism diagnosis on his ability to benefit from his education. Further that the Court overturn the decision of the administrative law judge denying the Parents their remedies.

4. Based on these denials and violations, a finding by the Court that the appropriate program for Student for the 2018-2019 school year, and school years moving forward, was a placement at Gersh Academy with appropriate services and supports, along with living expenses for the Mother and the Student near Gersh Academy.

5. Based on these denials and violations, the Court order the Defendant to provide the Student speech and language services through a private provider.

6. Based on these denials and violations, the Court order the Defendant to conduct an IEP meeting within 30 days to include the Parents, teachers and administrators from the Gersh Academy, and appropriate District staff as IEP members for the purpose of developing an IEP for the Student that places him at Gersh Academy and that includes appropriate living expenses for the Parent and the Student.

Complaint - Page 12 of 13

Jeannette A. Cohen M.Ed. J.D.
Attorney at Law
2223 112th Avenue NE Suite 202
Bellevue, Washington 98004
206-542-7234

7. Based on these denials and violations, the Court determine the Plaintiffs to be prevailing parties to this action and the underlying due process hearing and order reimbursement of all attorney's fees and costs related to pursuing both actions.

8. Any and all other relief as the Court may deem just and equitable.

Dated this 18th day of March, 2020

/s/Jeannette A. Cohen
Jeannette A. Cohen M.Ed. J.D.
Attorney at Law
WSBA # 33052
2223 112th Ave NE Suite 202
Bellevue, Washington 98177
206-542-7234

Complaint - Page 13 of 13

Jeannette A. Cohen M.Ed. J.D.
Attorney at Law
2223 112th Avenue NE Suite 202
Bellevue, Washington 98004
206-542-7234